IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAMES C. CAFFERTY | § | |
| VS. | § | CIVIL ACTION NO. 1:13-CV-130 |
| WARDEN VASQUEZ | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, James C. Cafferty, an inmate confined at FCC Beaumont, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this petition for writ of habeas corpus be dismissed.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, however, the Court finds the objections lacking in merit. Petitioner's claims center around the conditions of his confinement while housed at FCC Beaumont and petitioner seeks money damages in his request for relief. A civil rights action is an appropriate remedy for recovering damages resulting from illegal administrative procedures. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). To determine whether a prisoner must pursue habeas corpus relief rather than a civil rights action, the court must determine whether the prisoner challenges the fact or duration of his confinement or merely the rules, customs, and procedures affecting conditions of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). As stated by the Magistrate Judge, the bulk of petitioner's claims implicate the conditions of his confinement rather than the fact or duration of his confinement. Petitioner does not appear

to be challenging his conviction or asserting he should not be in custody. Accordingly, petitioner must pursue his claims through a civil rights action and pay the $350 filing fee or seek leave to proceed *in forma pauperis*. The Magistrate Judge appropriately severed the civil rights claims into a separate action and left any potential remaining habeas claims in the present case.

To the extent petitioner asserts the conditions of his confinement are in breach of his plea agreement and are, therefore, cognizable under Fifth Circuit precedent in a Section 2241, this claim is without merit. The conditions petitioner complains of are general conditions (e.g. overcrowding, poor air and heat, educational deprivation, etc.) and petitioner seeks monetary damages as his form of relief. Petitioner has failed to show any of these violations were bargained for conditions in his original plea agreement with the Government. Although petitioner cites to *Braddy v, Fox*, 476 Fed, App'x. 51, 2012 WL 1759006 (5th Cir. May 17, 2012) in support of his position, the two cases can be distinguished on the underlying facts. In *Braddy*, the petitioner was complaining that his plea agreement was violated when he was housed in close proximity to co-defendants. *Id.* He sought to void the plea agreement and be released from prison claiming the contract lacked adequate consideration. *Id.* Because the district court failed to address this issue, the Fifth Circuit remanded the case for consideration of that claim only. *Id*. The District Court, on remand, acknowledged that a breached plea agreement raises a constitutional issue that is cognizable in a Section 2255 motion. *See Braddy v. Fox*, 2012 WL 5002171 (E.D. Tex. Oct. 17, 2012) (citing *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992)). Because Braddy was attacking the legality of his conviction and sentence in arguing his plea agreement was breached, his petition was construed as a motion to vacate, set aside, or correct sentence for which the District Court in the Eastern District of Texas lacked jurisdiction as petitioner was originally convicted in the Eastern District of Virginia. The District Court then proceeded under the savings clause of Section 2255 and found petitioner failed to meet the criteria required to support a claim under the savings clause of Section 2255.

Even assuming petitioner in the present case presents a valid claim for a breached plea agreement, this court lacks jurisdiction to hear such a claim as petitioner was originally convicted and sentenced in the Middle District of Florida, Tampa Division. Proceeding under the savings clause of Section 2255, petitioner has the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under Section 2255. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001). As the Magistrate Judge correctly concluded, to the extent any claims remain concerning petitioner's actual conviction and sentence, they should be denied as petitioner has failed to meet his burden.

ORDER

Accordingly, the objections of petitioner are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** on September 24, 2013.

_____
Ron Clark, United States District Judge